UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KIRK D. JENKINS

    Plaintiff,

v.                                              Civil Action No. <u>2:07CV-263-J</u>

NATIONAL BOARD OF MEDICAL
EXAMINERS,

    Defendant.

## MOTION FOR PRELIMINARY INJUNCTION

**To the Honorable United States District Court Judge Mary Lou Robinson:**

    Kirk D. Jenkins ("Jenkins"), Plaintiff herein, files this Motion for Preliminary Injunction, pursuant to Rule 65 of the Federal Rules of Federal Procedure and 42 U.S.C. §12188(a), seeking a preliminary injunction ordering that the Defendant, National Board of Medical Examiners ("NBME"), immediately cease and desist from refusing to grant Jenkins's request for reasonable accommodation in taking the United States Medical Licensing Examination ("USMLE") Step 1 exam and ordering that the NBME immediately comply with the Americans with Disabilities Act ("ADA") by providing Jenkins the accommodation of the standard time plus one-half of the standard time in which to take the USMLE Step 1 examination and would show as follows:

    1.    Jenkins has a long history of learning difficulties dating from pre-kindergarten up through his second year of medical school. Jenkins was formally diagnosed with a learning disability by a qualified professional when Jenkins was in the 3rd grade, and has since been reevaluated no less than three times by clinical psychologists, all of whom support Jenkins' learning disability. The most recent evaluation was in January, 2007, and the clinical psychologist noted that Jenkins met the *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition (DSM-IV)* criteria for the following diagnoses: (a) Reading Disorder (315.00);

(b) Disorder of Written Expression (315.20) and, (c) Learning Disorder not Otherwise Specified (*i.e.*, low academic fluency)(315.90).

2. Jenkins received formal accommodations (typically extra time on tests involving reading): (a) in Elementary School; (b) in High School; (c) taking the ACT; (d) at the University of Wisconsin-Madison; (e) taking the MCAT; and, (f) during his first two years at the University of Louisville School of Medicine.

3. ***Jenkins is currently registered to take the Step 1 Exam in Amarillo on December 18, 2007.*** Jenkins has twice requested that the NBME allow him the accommodation of time plus one-half, but the NBME has denied both requests. Notwithstanding diagnoses dating as far back as the 3rd grade, a slew of tests personally administered by clinical psychologists, formal DSM-IV diagnoses (as required by the NBME), a history of formal accommodations throughout his academic career, including on the ACT, the MCAT, and in both undergraduate and medical school, the NBME has denied Jenkins the accommodation of extra time on the Step 1 Exam *without ever having independently tested or evaluated Jenkins.*

4.. A detailed recitation of the facts underlying Jenkins's claim is set forth in his Original Complaint filed herewith and is incorporated herein for all purposes.

5. The facts establish that Jenkins has a disability as defined by the ADA, 40 U.S.C. §12102(2)(a), that substantially limits one or more of his major life activities, namely, a learning disability that substantially limits his major life functions of learning, reading and writing. Title III of the ADA, prohibits discrimination against persons with disabilities in professional examinations such as the USMLE Step 1:

> Any person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary

> or post-secondary education, professional, or trade purposes shall offer such examination or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals.

42 U.S.C. §12189. The NBME, as administrator of the USMLE Step 1, is covered by the ADA and is required to comply with 42 U.S.C. §12189.

6. The Department of Justice has authority under Title III of the ADA and has promulgated regulations that require the NBME to assure that any examination:

> is selected and administered so as to best insure that, when the examination is administered to an individual with a disability that impairs sensory, manual or speaking skills, the examination results accurately reflect the individual's aptitude or achievement level or whatever other factors the examination purports to measure, other than reflecting the individual's impaired sensory, manual, or speaking skills.

28 C.F.R. §36.309(b)(1)(i). One of the specific, recognized reasonable accommodations for disabled persons in the taking of examinations is the lengthening of the time permitted for taking the exam. 28 C.F.R. §36.309(b)(2).

7. Under the ADA, disability is defined, in part, as a physical or mental impairment that substantially limits one or more major life activities. The regulations promulgated under the ADA include "learning", and "work" within the definitions of major life activities. 28 CFR §35.104. The major life activity of learning is also defined to include reading and writing as protected activities. Further, the substantially limited standard for the major life activities of learning, reading or writing is established when an individual's important life activities are restricted as to the condition, manner, or the duration under which they can be formed in comparison to most people. 28 C.F.R., pt. 36, App. B.

8. The evidence presented establishes that Jenkins has a learning disability that substantially impairs his ability to read and process the written word. His disability precludes him from reading and comprehending in the same manner and in the same amount of time as most people. His disability, accordingly, substantially limits his activity of learning, reading, and writing and thus is covered by the ADA. Having a learning disability that is covered by the ADA, Jenkins is entitled to a reasonable accommodation from the NBME in the taking of the USMLE Step 1 examination.

9. The USMLE Step 1 examination is a prerequisite to Jenkins continuing his medical school career and, ultimately, his becoming a medical doctor in the United States. Successful completion of the USMLE examination is a prerequisite to being licensed to practice medicine. Moreover, the level of performance in taking the USMLE examination is a primary factor for determining Jenkins's potential job opportunities for residency and, thus, for his entire future livelihood.

10. Jenkins made formal written requests of NBME for reasonable accommodation of his disability as required under the ADA in connection with taking the USMLE Step 1. NBME has refused to provide that reasonable test accommodation and such action constitutes an illegal failure to accommodate a disabled person in violation of the ADA.

11. Jenkins requests entry of a preliminary injunction requiring NBME to provide him the reasonable accommodation of additional time because failure to do so jeopardizes his entire medical school career.

12. Jenkins will be irreparably harmed if the NBME is allowed to continue its illegal refusal to provide him the reasonable test accommodation as requested and unless this Court grants the injunctive relief sought herein prohibiting the continued violation of Jenkins's ADA

rights and compelling the NBME to provide the requested accommodation, in that (a) Jenkins's medical school career will be placed on hold because a passing score on the USMLE Step 1 is a prerequisite to continuing his medical school education; (b) given his history with prior examinations, Jenkins is justifiably concerned that he will not pass the USMLE Step 1 without the additional time accommodation to which he is entitled under the ADA; (c) Jenkins's opportunity to engage his chosen career is effectively on hold until the NBME is compelled to comply with the ADA; (d) Jenkins will be unable to continue the same pace of his medical school career as his peers if he is unable to pass the USMLE Step 1 at this time; (e) requiring Jenkins to take the USMLE Step 1, without accommodation, puts him at a distinct disadvantage given his established learning disability; (f) Jenkins is allowed only a limited number of opportunities to pass the USMLE and forcing him to use any of those opportunities without reasonable accommodation is discriminatory based on his disability; (g) reduced performance on the USMLE Step 1 as a result of not receiving accommodations significantly reduces Jenkins's future residency and professional options; and (h) Jenkins could face future expulsion proceedings under the Medical School's policy if he takes and fails to pass the USMLE Step 1 in a timely manner.

      13.    No harm will come to the NBME if the Court grants the requested relief. The NBME is simply the administrator of the nationwide examining process and can easily comply with any order issued by the Court without any harm to it as an organization. Accordingly, the balancing of harm tips significantly in favor of granting the requested injunctive relief.

      14.    The public interest will be served by granting the injunctive relief. The ADA was enacted as a matter of public policy to insure that disabled persons are treated fairly and provided with equal opportunities to those in the community without disabilities. By enforcing

compliance with the ADA, the injunctive relief furthers that public policy and sends a message that discrimination against persons with disabilities and violations of the ADA are not acceptable behavior. The public policy would not be served by allowing the NBME to continue its unlawful refusal to provide Jenkins with the ADA accommodations to which he is otherwise justly entitled.

15. As a result of the NBME's violation of the ADA, Jenkins has suffered or will suffer great injury, including but not limited to, loss of employment opportunities, out-of-pocket pecuniary losses, severe emotion distress and anguish and costs of pursuing legal action.

16. NBME's actions are clearly in violation of the ADA and Jenkins is entitled to and hereby does request entry of a preliminary injunction directing the NBME to immediately cease and desist from further violations of the ADA, including ceasing and desisting from its refusal to accommodate Jenkins in connection with his taking the USMLE Step 1 exam. Further, Jenkins is entitled to and hereby requests entry of a preliminary injunction ordering that the NBME comply with the ADA by providing Jenkins the requested accommodation of time plus one-half to take the USMLE Step 1 on the currently scheduled date, December 18, 2007.

WHEREFORE, Kirk D. Jenkins, respectfully moves this Court, to issue a preliminary injunction, after notice and hearing, restraining Defendant NBME from further violation of Jenkins's ADA rights by refusing to provide him reasonable accommodations in connection with the taking of the USMLE Step 1 examination, ordering that the NBME allow Jenkins the reasonable accommodation of standard time plus one-half for the taking of the USMLE Step 1 examination at a regularly scheduled time and provide such other relief as the Court deems just and to which Jenkins is otherwise entitled.

Respectfully submitted,

Vincent E. Nowak, SBOT #15121550
MULLIN HOARD & BROWN, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas 79120-1656
806.372.5050
806.371.6230 (Fax)

_____
*Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

On December 6, 2007, I placed a telephone call to Catherine Farmer, the Manager of Disability Services for the NBME. I spoke to Ms. Farmer's assistant, who advised me that Ms. Farmer would return my telephone call. As of the filing of this motion, Ms. Farmer has not returned my telephone call.

On the day the I filed Plaintiff's Original Complaint for Emergency Injunctive Relief and Demand for Jury Trial, I also sent a copy to Ms. Farmer by Federal Express (in addition to instituting proper service). I did that to put the NBME on notice as early as possible about this suit and the request for injunctive relief.

_____
Vincent E. Nowak

## CERTIFICATE OF SERVICE

This is to certify that on December 7, 2007, a true and correct copy of the above and foregoing Motion for Preliminary Injunction was served on the Defendant via facsimile transmission as follows:

**215.590.9422 (Facsimile Number)**

Catherine Farmer
Manager, Disability Services
National Board of Medical Examiners
3570 Market Street
Philadelphia, PA 19104-3190
Amarillo, Texas 79101

_____
Vincent E. Nowak

Motion for Preliminary Injunction
Page 8

J:\08062\Pleadings\08062007 Motion Prelim. Injunction.doc