UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

KIRK D. JENKINS,

    Plaintiff,

v.                                           Civil Action No. 2-07CV-263-J

NATIONAL BOARD OF
MEDICAL EXAMINERS,

    Defendant.

**BRIEF IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

TO THE HONORABLE MARY LOU ROBINSON, DISTRICT JUDGE:

COMES NOW, the National Board of Medical Examiners ("the NBME"), the Defendant in the above captioned case, and submits this Brief in Support of its Motion for Change of Venue, and in support thereof would respectfully show this Court the following:

**I.**
**BACKGROUND**

Plaintiff filed an action for injunctive relief against the NBME on Wednesday, December 5, 2007. *See* Org. Complaint, on File with this Court. The NBME is a District of Columbia non-profit organization headquartered in Philadelphia, Pennsylvania. *See id.*, pg. 2. The NBME asks this Court to take judicial notice that Philadelphia County is in the Eastern District of Pennsylvania, within the Third Circuit.

Plaintiff attended school in the D.C. Everest Area School District. *See* Exhibits 1-5 to Plaintiff's Complaint. The D.C. Everest Area School District is in Marathon County,

Wisconsin. *See* Wisconsin Department of Public Instruction, School Finance Data Warehouse, http://www2.dpi.state.wi.us/sfsdw/Financial_profile_results.asp. The NBME asks this Court to take judicial notice that Marathon County, Wisconsin is located in the Western District of Wisconsin, within the Seventh Circuit.

Plaintiff attended college at the University of Wisconsin-Madison. *See* Orig. Complaint, pg. 6 and Exhibit 8. The NBME asks this Court to take judicial notice that the university is located in Madison, Wisconsin, which is in Dane County. Dane County is in the Western District of Wisconsin, within the Seventh Circuit.

Plaintiff is currently a medical student at the University of Louisville in Jefferson County, Kentucky. *See* Orig. Complaint., pg. 1 and Verification. The NBME asks this Court to take judicial notice that Jefferson County is in the Western District of Kentucky, within the Sixth Circuit. Plaintiff is scheduled to take the U.S. Medical Licensing Examination ("USMLE") Step 1 in Amarillo, Texas. *See* Orig. Complaint, pg. 1.

The affidavits relied on by Plaintiff in support of his original complaint were signed in the following counties and states. *See* Exhibits 1-12. The NBME asks this Court to take judicial notice of the applicable district and circuit courts for each of the following counties:

| Witness Name | County and State | Federal District | Federal Circuit |
|---|---|---|---|
| Carol Blevins | Marathon County, Wisconsin | Western District of Wisconsin | Seventh Circuit |
| Michael Gontarz | Marathon County, Wisconsin | Western District of Wisconsin | Seventh Circuit |
| Trudy DeSimons | Marathon County, | Western District of | Seventh Circuit |

|  | Wisconsin | Wisconsin |  |
|---|---|---|---|
| Lori TeeGarden | Anoka County, Minnesota | Minnesota District | Eighth Circuit |
| Randall B. Colton | Marathon County, Wisconsin | Western District of Wisconsin | Seventh Circuit |
| William Heeren | Marathon County, Wisconsin | Western District of Wisconsin | Seventh Circuit |
| Lyn Schepke | Marathon County, Wisconsin | Western District of Wisconsin | Seventh Circuit |
| David R. Holmes, PhD | Wausau, Marathon County, Wisconsin | Western District of Wisconsin | Seventh Circuit |
| David L. Wiegman, PhD | Jefferson County, Kentucky | Western District of Kentucky | Sixth Circuit |
| William J. Morison, PhD | Louisville, Jefferson County, Kentucky | Western District of Kentucky | Sixth Circuit |
| John Lacy | Jefferson County, Kentucky | Western District of Kentucky | Sixth Circuit |

## II.
### ARGUMENTS AND AUTHORITIES

When jurisdiction is not founded solely on diversity of citizenship, venue is proper in a judicial district where the defendant resides or in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C § 1391(b) (2007). However, a district court may transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and witnesses, in the interest of justice. 28 U.S.C. § 1404(a) (2007).

The first determination to be made in applying the provisions of § 1404(a) is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Plaintiff and the NBME extensively communicated both by written

correspondence and phone between Philadelphia, Pennsylvania and Louisville, Kentucky regarding Plaintiff's request for accommodations on the USMLE Step 1. Therefore, venue would be proper in the Eastern District of Pennsylvania because the NBME is headquartered in Philadelphia, Pennsylvania and a substantial part of the events or omissions giving rise to the claim occurred there. *See* 28 U.S.C. § 1391(b). Venue would also be proper in the Western District of Kentucky, since a substantial part of the events or omissions giving rise to the claim occurred there. *See* 28 U.S.C. § 1391(b).

The next issue is the convenience of the parties and witnesses and the interest of justice. *In re Volkswagen AG*, 371 F.3d at 203. The determination of convenience turns on several private and public interest factors, none of which is given dispositive weight. *In re Volkswagen AG*, 371 F.3d at 203. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the presence of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious and inexpensive. *In re Volkswagen AG*, 371 F.3d at 203. The factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled. *In re Volkswagen AG*, 371 F.3d at 204-05. Additional distance means additional travel time, meals and lodging expenses, and time away from employment for witnesses. *In re Volkswagen AG*, 371 F.3d at 205. Further, the task of scheduling fact witnesses becomes increasingly difficult and complicated when the travel time to the court increases. *In re Volkswagen AG*, 371 F.3d at 205.

The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interests in having localized interests decided at home; (3) the familiarity of the forum with the governing law; and (4) the avoidance of unnecessary problems of conflict of laws. *In re Volkswagen AG*, 371 F.3d at 203. Jury duty is a burden that should not be imposed on a community with no relation to the litigation. *In re Volkswagen AG*, 371 F.3d at 206.

Finally, the plaintiff's choice of forum is a factor to be considered, but is not in and of itself conclusive or determinative. *In re Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir. 2003). Some courts have determined prevention of forum shopping is a factor to consider in determining whether the transfer is in the interest of justice. *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, Case No. C 03-3711 MHP, 2003 U.S. Dist. LEXIS 26802 at *14 (N.D Cal. Oct. 14, 2003). Evidence a plaintiff is forum shopping militates in favor of transfer. *Deep v. XAC, LLC*, No. 07-8-C, 2007 U.S. Dist. LEXIS 32897 at *11-12 (W. Dist. KY May 2, 2007). A plaintiff's choice of forum commands only minimal consideration when he does not reside in the district where he has brought suit, the operative facts have not occurred there, and the forum has no particular interest in the parties or the subject matter of the suit. *Wireless Consumers Alliance, Inc.*, 2003 U.S. Dist. LEXIS 26802 at *8.

Here, the NBME seeks transfer of this case to the Eastern District of Pennsylvania. As noted above, this district would have been a proper venue if the claim had been originally filed there. *See In re Volkswagen AG*, 371 F.3d at 203; 28 U.S.C. § 1391(b). Proof will be readily accessible in the Eastern District of Pennsylvania because the

NBME is headquartered in Philadelphia and documents relevant to Plaintiff's file are available there. *In re Volkswagen AG*, 371 F.3d at 203. Further, the NBME's witnesses will all be located in or near the Eastern District of Pennsylvania, minimizing their cost to attend trial and the time they must take away from their employment. *Id*. at 203, 204-05. In addition, the case will be much easier and less expensive to try in the Eastern District of Pennsylvania; the NBME's witnesses will not be burdened with expensive travel or overnight lodging, and this Court will not need to take on the complicated task of scheduling fact witnesses who must travel great distances. *See id*. at 203, 204-05. The NBME asks this Court to take judicial notice that the distance between Philadelphia, Pennsylvania and Amarillo, Texas is approximately 1600 miles. As no unwilling witnesses have yet been identified, that factor is neutral. *See id*. at 203.

Further, the public concerns weigh in favor of transferring the suit to the Eastern District of Pennsylvania. *See id*. at 203. First, the administrative difficulties of this court because of congestion will increase greatly if this plaintiff and others like him are encouraged to forum shop and file suit in the Amarillo Division of the Northern District, as discussed further below. *See id*. at 203. Second, the jurors in the Amarillo Division of the Northern District have no real connection to this case. *See id*. The plaintiff is a resident of Wisconsin, attending medical school in Kentucky. The defendant is headquartered in Pennsylvania. This division of the Northern District had absolutely no connection to the facts of this case until Plaintiff, for no apparent reason other than to establish venue, chose to schedule to take the USMLE Step 1 in Amarillo. The final two public factors are neutral: this Court, like any other federal district court, is familiar with

the Americans with Disabilities Act. *See id*. Further, there does not appear to be any conflict of law analysis at issue in this case. *See id*.

Finally, Plaintiff's choice of forum is not conclusive or determinative, particularly when it appears Plaintiff is simply engaging in forum shopping to receive the benefit of this Court's prior ADA decision. *See Rush v. NBME*, No. 2:03-CV-140-J (N.D. Tex. June 20, 2003). Plaintiff even relied on the *Rush* opinion in a June 18 letter to the NBME reapplying for the accommodation of additional time on the USMLE Step 1. As noted above, Plaintiff had no connection with Amarillo, Texas until he decided to schedule himself to take the USMLE Step 1 here. Such evidence of forum shopping militates in favor of transfer. *See Deep*, 2007 U.S. Dist. LEXIS 32897 at *11-12.

Accordingly, this case should be transferred to the Eastern District of Pennsylvania.

Alternatively, the NBME seeks transfer of this case to the Western District of Kentucky. As noted above, the Western District of Kentucky would have been a place of proper venue if the suit had originally been brought there. *See In re Volkswagen AG*, 371 F.3d at 203; 28 U.S.C. § 1391(b). Again, proof will be readily accessible in the Western District of Kentucky because Plaintiff is present there and presumably has documents in support of his claim readily available at that location. *See In re Volkswagen AG*, 371 F.3d at 203.

Further, several witnesses, including David Wiegman, William Morison, and John Lacy are available in or near the Western District of Kentucky. *See* chart on pg. 3 above; *In re Volkswagen AG*, 371 F.3d at 203. The NBME asks this Court to take judicial notice

that the distance from Louisville, Kentucky to Amarillo, Texas is approximately 1000 miles. These witnesses will be required to spend less on travel expenses and less time away from work if the case is tried in the Western District of Kentucky. *See id.* at 203, 204-05. Moreover, several witnesses are located in Marathon County, Wisconsin. *See* chart on pg. 3 above. The NBME asks this court to take judicial notice that the county seat of Marathon County, Wausau, is approximately 575 miles from Louisville, Kentucky while Wausau is approximately 1200 miles from Amarillo. Travel for these additional witnesses will be much easier to the Western District of Kentucky than to the Northern District of Texas. *See id.* at 203, 204-05. The public concerns and forum shopping concerns as argued above for transfer to the Eastern District of Pennsylvania also apply to a transfer to the Western District of Kentucky. Accordingly, the NBME alternatively asks this Court to transfer this case to the Western District of Kentucky.

### III.
### CONCLUSION

In sum, Defendant, the National Board of Medical Examiners, seeks transfer of this case to the Eastern District of Pennsylvania. In the alternative, the NBME seeks transfer of this case to the Western District of Kentucky.

Respectfully submitted,

RINEY & MAYFIELD LLP
  Thomas C. Riney – TBN 16935100 /
    Attorney in Charge
  Mitzi S. Mayfield – TBN 13284425
  Joni Paul Kleinschmidt – TBN 24037249
600 Maxor Building
320 South Polk Street
Amarillo, Texas 79101
(806) 468-3200; Fax (806) 376-4509


/s/   Thomas C. Riney
     Texas Bar No. 16935100

ATTORNEYS FOR DEFENDANT, NATIONAL BOARD OF MEDICAL EXAMINERS

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2007, I electronically filed *Defendant's Brief in Support of Motion for Change of Venue* with the Clerk of Court for the United States District Court, Northern District of Texas, Amarillo Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Mr. Vincent E. Nowak
MULLIN HOARD & BOARD
500 South Taylor, Suite 800, LB 213
Amarillo, Texas 79101


/s/   Thomas C. Riney