IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 2 2007

CLERK, U.S. DISTRICT COURT
By _____
         Deputy

| | |
|---|---|
| KIRK D. JENKINS, | § |
| Plaintiff, | § |
| v. | §   CIVIL ACTION NO. 2:07-CV-263 |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | § |
| Defendant. | § |

## ORDER

Before the Court is Defendants' *Motion to Transfer Case out of District/Division* with supporting brief. Upon consideration of the Defendant's brief and the admissions of counsel at today's hearing, the Court finds that no party or witness resides in the Amarillo division, and that no events giving rise to this case took place in the Amarillo division other than the Plaintiff scheduling his U.S. Medical Licensing Examination Step 1 test in Amarillo. With no connection to the Amarillo division or the Northern District of Texas, the Court finds that the Plaintiff was forum shopping in filing the lawsuit in this division. The balance of factors weighs in favor of transfer of this case.

A district court "may transfer any civil action to any other district or division where it might have been brought" if it is for "the convenience of parties and witnesses, in the interest of justice…" 28 U.S.C. §1404(a). The decision to transfer a case or not is within the discretion of the trial court judge. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988), *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th

Certified a true copy of an instrument
on file in my office on  12/12/07
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

Cir. 1989), *cert denied* 493 U.S. 935 (1989). Instead, the district court must first determine if the "judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 1988), *citing In re Horseshoe*, 337 F.3d at 433. Factors that the Court considers include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive." *Id.*, *citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

Plaintiff attends medical school in Louisville, Kentucky, located in the Western District of Kentucky. The Western District of Kentucky is a judicial district in which the claim could have been filed originally.

Defendant's motion to transfer venue is GRANTED, and the case is transferred to the Western District of Kentucky.

It is SO ORDERED.

Signed this 17th day of December 2007.

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**