IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| KIRK D. JENKINS, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07CV-698-H |
| | ) | |
| NATIONAL BOARD OF | ) | Chief Judge John G. Heyburn, II |
| MEDICAL EXAMINERS | ) | |
|         Defendant(s). | ) | |

## ANSWER

Comes the Defendant, National Board of Medical Examiners ("NBME"), by and through counsel, and for its Answer to Plaintiff's Original Complaint For Emergency Injunctive Relief and Demand For Jury Trial states as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted and should be dismissed, with prejudice.

## SECOND DEFENSE

As for the specific allegations of the Plaintiff's Complaint, Defendant states as follows:

1.  Defendant admits so much of paragraph 1 of the Complaint that upon information and belief Plaintiff was a currently enrolled medical student at the University of Louisville School of Medicine (ULSOM) at the time he made application to take the U.S. Medical Licensing Examination (USMLE) Step 1 on December 18, 2007 in Amarillo, Texas, which examination Plaintiff withdrew from taking. Defendant denies the remaining allegations contained therein.

2.	As to the allegations contained in paragraph 2 of the Complaint, Defendant is without knowledge to admit or deny Plaintiff's current status as a medical student at ULSOM and therefore denies same.  Defendant specifically denies that Plaintiff has a disability within the meaning of the Americans with Disabilities Act (ADA) 42 U.S.C. §12102(2) and denies the remaining allegations set forth therein.

3.	With respect to the allegations set forth in paragraph 3 of the Complaint, Defendant admits that the National Board of Medical Examiners is a non-profit corporation incorporated under the laws of the District of Columbia, with its offices and principal place of business at 3750 Market Street, Philadelphia, Pennsylvania 19104. Defendant further states that, together with the Federation of State Medical Boards of the United States, Inc., (FSMB) another non-profit corporation, it has established the USMLE which is accepted by all United States medical licensing authorities to assess minimum competence to practice medicine.  Step 1 of the USMLE is administered at over 300 Prometric Inc. computer test centers throughout the United States, including Texas. Performance on Step 1 of the USMLE may be considered in the evaluation of candidates by some residency programs.  Defendant denies the remaining allegations set forth therein.

4.	As to the allegations set forth in paragraphs 4, 5 and 6 of the Complaint, Defendant admits that Plaintiff is asserting claims pursuant to the ADA and further states that the remaining allegations contained therein have been rendered moot by the order of the United States District Court for the Northern District of Texas dated December 12, 2007, transferring this matter to the United States District Court for the Western District of Kentucky at Louisville and this Court's Order dated January 4, 2008, granting Defendant 10 days from the date of that Order in which to file its Answer.

5.     As to the allegations contained in paragraph 7 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegation that Plaintiff has completed his second year of instruction at ULSOM and therefore denies same. Defendant admits that Plaintiff applied for and was given a scheduling permit allowing him to take the USMLE Step 1 on December 18, 2007 in Amarillo, Texas, which exam he did not take. Defendant denies that Plaintiff's medical education would "likely end" should he fail to take the USMLE Step 1 on December 18, 2007. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth therein and therefore denies same.

6.     As to the allegations contained in paragraph 8 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations set forth therein and therefore denies same.

7.     As to the allegations contained in numerical paragraphs 9 and 10 of the Complaint, Defendant states that the Affidavits of Carol Blevins and Michael Gontarz and Gontarz's Psychological Report referenced therein and attached to the Complaint speak for themselves. Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraphs 9 and 10 and therefore denies same.

8.     As to the allegations contained in paragraph 11 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations set forth therein and therefore denies same.

9.     As to the allegations contained in numerical paragraphs 12, 13, and 14 of the Complaint, Defendant states that the Affidavits of Lori TeeGarden, Randall B. Colton and William Heeren as well as other documents referenced by way of footnote and attached to the Complaint speak for themselves. Defendant is without sufficient

knowledge to admit or deny the allegations set forth in paragraphs 12, 13 and 14 and therefore denies same.

10. As to the allegations contained in paragraph 15 of the Complaint, Defendant states that the unaccommodated ACT scores provided by Plaintiff to Defendant reflect that his performance without additional time was average to above average as compared to his grade peers. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth therein and therefore denies same.

11. As to the allegations contained in numerical paragraphs 16, 17, 18, 19, and 20 of the Complaint, Defendant states that the unsigned Affidavits of Mark Leedy, Linda Gunkel are of no legal consequence and that correspondence of Leedy and Gunkel as well as other documents referenced by way of footnote and attached to the Complaint speak for themselves. Defendant is without sufficient knowledge to admit or deny the allegations set forth in paragraphs 16, 17, 18, 19, and 20 and therefore denies same.

12. As to the allegations contained in numerical paragraph 21, Defendant admits that it received a request for accommodation from Plaintiff dated November 25, 2006, a copy of which is attached hereto as Exhibit 1, and which documentation speaks for itself. Defendant denies the remaining allegations contained therein.

13. As to the allegations contained in numerical paragraph 22, Defendant admits that by letter dated December 7, 2006, a copy of which is attached hereto as Exhibit 2, Defendant communicated with Plaintiff informing him that the information which he had submitted was incomplete and requesting further documentation, which correspondence speaks for itself. Defendant denies the remaining allegations set forth therein.

14. As to the allegations contained in numerical paragraph 23 of the Complaint, Defendant states that the Psychoeducational Report of Dr. John M. Lacy, referenced

4

therein and attached to the Complaint, speaks for itself and denies the remaining allegations contained therein.

15.	As to the allegations contained in paragraph 24 of the Complaint, Defendant admits that by letter dated May 18, 2007, a copy of which is attached as Exhibit 3, it informed Plaintiff that following careful review of the documentation he had provided it was unable to provide the accommodation requested. Defendant denies the remaining allegations set forth therein.

16.	As to the allegations contained in paragraph 25 of the Complaint, Defendant states that by letter dated June 18, 2007, Plaintiff stated that he "would like to reapply" for an accommodation of time and one half on the USMLE Step 1, a copy of which correspondence is attached hereto as Exhibit 4.

17.	As to the allegations contained in numerical paragraph 26, Defendant admits that by letter dated August 29, 2007, a copy of which is attached as Exhibit 5, it informed Plaintiff that his request for reconsideration had been reviewed and Defendant was unable to provide the requested accommodations, which correspondence speaks for itself. Defendant denies the remaining allegations set forth therein.

18.	As to the allegations contained in paragraph 27 of the Complaint, Defendant asserts that the records of the various individuals listed should speak for themselves and denies the remaining allegations contained therein. As to footnote 13 to the allegations in paragraph 27, Defendant denies that it requires test applicants seeking accommodation based upon alleged disability to submit a learning disorder diagnosis or a DSM-IV 315.00 diagnosis and further denies that it requires applicants to submit an assessment made within the last three years in support of such requests. Defendant states that as the manifestations of a disability may vary over time and in different settings, it is suggested

that an evaluation should have been conducted within the past three years. Defendant admits that it accepts the Woodcock-Johnson Psycho-Educational Battery as an assessment tool as part of a comprehensive evaluation. Defendant states that Dr. Lacy's report speaks for itself and otherwise denies any remaining allegations contained therein.

19. As to the allegations contained in paragraph 28 of the Complaint, Defendant is without sufficient knowledge to admit or deny the allegations set forth therein and therefore denies same.

20. Defendant denies the allegations contained in paragraph 29 of the Complaint.

21. As to the allegations contained in paragraph 30 of the Complaint, Defendant asserts that the records of the various individuals referred to should speak for themselves and specifically denies that Plaintiff has a disability that comports with the criteria of the DSM-IV. Defendant denies the remaining allegations contained therein.

22. As to the allegations contained in paragraph 31 of the Complaint, Defendant asserts that the records of the various individuals referred to therein and in footnote 14 thereto should speak for themselves and specifically states that Plaintiff misquotes the Affidavit of Carol Blevins, referenced in footnote 14. Defendant denies the remaining allegations contained therein.

23. Defendant denies the allegations contained in paragraph 32 of the Complaint, and states that it is the Plaintiff's burden to provide documentation to support that he is an individual with a disability under the ADA which substantially limits him in a major life activity. Defendant further states that it has thoroughly reviewed and considered of <u>all</u> documentation submitted by Plaintiff.

24. As to the allegations contained in paragraph 33 of the Complaint, Defendant states that Step 1 and Step 2 of the USMLE are prerequisites to eligibility to sit for the

Step 3 examination, but Step 1 is not a prerequisite for taking Step 2 of the USMLE. Defendant is without knowledge as to the policies, procedures and requirements for medical students at ULSOM and therefore denies same and denies the remaining allegations contained therein.

25. As to the allegations contained in paragraph 34 of the Complaint, Defendant states that together with the FSMB, it develops the USMLE and administers the USMLE through its vendor, Prometric, Inc., at hundreds of test sites throughout the United States almost every day of the year. Defendant further states that unless a student requests otherwise, his/her score reports are submitted to his/her medical school. Defendant denies the remaining allegations contained therein.

26. As to the allegations contained in paragraph 35 of the Complaint, Defendant states that it provides reasonable and appropriate accommodations in accordance with the ADA for individuals with a physical or mental impairment that substantially limits one or more major life activities for the purpose of providing equal access to the USMLE testing program as set forth in USMLE's Guidelines To Request Test Accommodations. Defendant denies the remaining allegations contained therein.

27. As to the allegations contained in paragraph 36 of the Complaint, Defendant admits that eligible individuals wishing to take Step 1 of the USMLE must submit a completed application and registration fee. Defendant admits that on November 26, 2006, Plaintiff submitted an application to take Step 1 and a registration fee. On July 16, 2007, prior to receiving a reply from NBME to his request for reconsideration of his request for accommodation, Plaintiff submitted the required fee and requested that NBME change his eligibility period to September, October, and November 2007.

7

28.     Defendant denies the allegations set forth in paragraphs 37, 38 and 40 of the Complaint.

29.     As to the allegations contained in paragraph 41 of the Complaint, Defendant admits the allegations therein to the extent they are consistent with the law, and further states that the statute speaks for itself. Defendant otherwise denies the allegations contained therein.

30.     As to the allegations contained in paragraph 42 of the Complaint, Defendant states that together with FSMB it develops and administers Step 1 of the USMLE through its vendor, Prometric, Inc., and is subject to the ADA.

31.     As to the allegations contained in paragraph 43 of the Complaint, Defendant states that the regulations speak for themselves and otherwise denies the allegations contained therein.

32.     As to the allegations contained in paragraph 44 of the Complaint, Defendant admits that one form of accommodation that may be offered disabled individuals under the ADA is additional time for testing; however, Defendant specifically denies that Plaintiff is disabled under the ADA or that any accommodation is mandated.

33.     Defendant denies the allegations set forth in paragraph 45 of the Complaint.

34.     As to the allegations contained in paragraph 46 of the Complaint, Defendant states that statutes and regulations speak for themselves and further states that Plaintiff has selectively quoted from the statues and regulations cited and denies any legal conclusions contained therein and denies any application to Plaintiff or Defendant and otherwise denies the allegations contained therein.

35.     Defendant denies the allegations set forth in paragraph 47 of the Complaint.

36.     As to the allegations contained in paragraph 48 of the Complaint, Defendant states that, upon request by examinees, the results of the USMLE are reported to state medical licensing authorities and each such authority sets its own rules and regulations for those seeking a license to practice in that jurisdiction. Defendant further states that performance on the USMLE may be considered in the evaluation of candidates by some residency programs. Defendant denies the remaining allegations set forth therein.

37.     As to the allegations contained in paragraph 49 of the Complaint, Defendant states that it provides reasonable and appropriate accommodations in accordance with the ADA for individuals with a physical or mental impairment that substantially limits them in one or more major life activities for the purpose of providing equal access to the USMLE testing program as set forth in USMLE's Guidelines To Request Test Accommodations. Defendant denies the remaining allegations contained therein.

38.     Defendant denies the allegations set forth in paragraphs 50 and 51 of the Complaint.

39.     Defendant denies the allegations contained in paragraph 52 of the Complaint, and affirmatively states that it will suffer harm if it is compelled through injunction to provide accommodations to Plaintiff in the absence of evidence that Plaintiff is an individual with a disability under the ADA that significantly impairs him in one or more major life activity. Defendant has a public duty to ensure the USMLE Step 1 is administered in a manner that is fair to all examinees and does not provide unwarranted advantages to some.

40.     Defendant denies the allegations set forth in paragraph 53. Defendant specifically states that the public interest will not be served by awarding extra testing time to an

9

individual who does not have a disability that substantially limits a major life activity a required by the ADA.

41. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

42. Defendant denies the allegations set forth in paragraph 55 of the Complaint and affirmatively states that it has at all times acted in good faith and in furtherance of its duty to administer the USMLE Step 1 under standard conditions so as to ensure the integrity of the exam and the methods for determining minimum standards of competence for the medical profession.

43. Paragraphs 56, 57, and 59 state legal conclusions for which no response is necessary and Defendant further denies same.

44. There is no response necessary to numerical paragraphs 39, 58 and 60 of the Complaint.

45. Defendant denies all allegations set forth in Plaintiff's Complaint not expressly admitted or otherwise addressed.

### THIRD DEFENSE

That Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. §12101, *et. seq.* and Defendant relies upon such as a complete bar to Plaintiff=s Complaint herein.

### FOURTH DEFENSE

That any accommodations requested by Plaintiff were not reasonable.

### FIFTH DEFENSE

At all time relevant hereto Defendant acted in the absence of any intent to discriminate or engage in any unlawful practice. To the extent any conduct by Defendant may be found to be discriminatory, which is denied, Defendant would have taken the

same actions for legitimate, nondiscriminatory reasons in the absence of any discriminatory motive.

### SIXTH DEFENSE

Defendant's conduct and actions with respect to Plaintiff was lawful, privileged, fully justified, supported by good faith, and in furtherance of Defendant's and the public's interest.

### SEVENTH DEFENSE

That Plaintiff is estopped from maintaining the within action by reason of his own actions, including, but not limited to, his failure to take the U. S. Medical Licensing Examination (USMLE) Step 1 when approved.

### EIGHTH DEFENSE

That at all times relevant hereto, Defendant acted in good faith, and Defendant relies upon its good faith as a complete bar to Plaintiff=s Complaint herein.

### NINETH DEFENSE

That Plaintiff has failed to mitigate his damages, if any, and all damages which could have been avoided by reasonable mitigation are barred.

### TENTH DEFENSE

That any damages suffered by the Plaintiff, which damages are denied, were proximately and solely caused by Plaintiff=s own conduct, including but not limited to, his failure to take the U. S. Medical Licensing Examination (USMLE) Step 1 when approved and/or his own negligence.

### ELEVENTH DEFENSE

That the Plaintiff will not suffer irreparable harm from the denial of the injunctive relief sought.

WHEREFORE, Defendant demands judgment that Plaintiff's Complaint be dismissed, with prejudice, and that Plaintiff recover nothing thereby; that Defendant recovers its costs herein expended, and all other relief to which Defendant may appear entitled.

    Respectfully submitted,

    **STURGILL, TURNER, BARKER & MOLONEY**

    /s/Stephen L. Barker
    Stephen L. Barker, KBA # 03270
    Katherine M. Coleman, KBA # 84089
    333 W. Vine Street, Suite 1400
    Lexington, KY  40507
    Telephone:  (859) 255-8581
    Facsimile:   (859) 231-0851
    sbarker@sturgillturner.com
    kcoleman@sturgillturner.com
    **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2008 I electronically filed the foregoing with the clerk of the court using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class mail and/or by fax to the following non-CM/ECF participants:

**Vincent E. Nowak**
Mullin Howard & Brown
500 South Taylor
Suite 800, LB#213
Amarillo, TX 79101

**Shelley Z. Green**, General Counsel & Director of Legal Services
**Suzanne Williams**, Associate Counsel
National Board of Medical Examiners
3750 Market Street
Philadelphia, Pennsylvania 19104

    /s/Stephen L. Barker
    Stephen L. Barker, KBA # 03270
    Attorney for Defendant