

National Board of Medical Examiners®
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

1019832     5-194-442-9
Denial-Decision Letter (a

## CONFIDENTIAL

August 29, 2007

Kirk D. Jenkins

**REDACTED**

RE: USMLE Step 1        USMLE ID#: 5-194-442-9

Dear Mr. Jenkins:

We have carefully reviewed your request for reconsideration of our decision regarding your test accommodations for the United States Medical Licensing Examination (USMLE) Step 1 and accompanying material in accordance with USMLE guidelines for examinees with disabilities and within the framework of the Americans with Disabilities Act (ADA). We take each and every request for accommodations very seriously, meticulously review every supporting document submitted, and consult with various experts in the relevant areas in an effort to render a fair and informed decision.

I appreciate the time and effort you have taken to research the issues outlined in my letter of May 18, 2007, and to gather additional documentation to support your request for reconsideration. I want to acknowledge the very candid personal statement that accompanied your request for reconsideration. The stories you shared about your early reading difficulties are quite poignant. It is understandable that experiences such as those you report would leave a lasting impression on you with respect to your ability to read.

You report that you have always received accommodations on exams throughout your academic career in order to finish written exams. The veracity of your statement is not at issue. It is understandable that one might expect the same accommodations for USMLE. However, unlike some education laws that focus on maximizing an individual's potential (e.g., Individuals with Disabilities Education Act (IDEA)), the ADA is not intended to focus on the achievement of a particular result, such as test completion or a passing score. Rather, accommodations are intended to provide equal access to the USMLE testing program for individuals who are covered under the ADA. A diagnostic label, in and of itself, does not establish coverage under the ADA, nor does prior receipt of accommodations for a particular activity guarantee that identical accommodations are indicated or will be available in all future settings and circumstances. Regulatory decisions and case law have established that the ADA covers individuals who are substantially limited in a major life activity. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment.

The central question remains; does the documentation you have provided demonstrate that you are substantially limited in a major life activity relative to most people? Not mildly impaired or even moderately impaired, but substantially limited. While you may not be a fast or very fluent reader, your documentation does not support a finding that you are substantially limited with respect to

EXHIBIT E

reading within the meaning of the ADA. At most, your reading problems may be described as mild.

You report, "My reading fluency deficiency has substantially limited my ability to learn." However, according to the records you provided, your performances on the ACT and PSAT, taken without accommodations, do not demonstrate impairment in your ability to read or learn compared to grade peers. While these performances may be below your expectations, they are well within the average range and do not demonstrate any impairment within the context of taking timed tests. Achieving a higher score on a subsequent ACT administration with additional time is not evidence of a disability, especially when your unaccommodated ACT score was solidly within the average range. Average range ability, by definition, is not impaired.

Despite the difficulties that you report, your documentation does not demonstrate that you are currently functionally impaired to a degree that would rise to the level of a disability. Therefore, after a careful review of all of your documentation, I must inform you that we are unable to provide you with the requested accommodations.

Sincerely,

Catherine Farmer, Psy.D.
Manager, Disability Services
ADA Compliance Officer, Testing Programs