IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| KIRK D. JENKINS, ) | |
|         Plaintiff ) | |
| ) | |
| v. ) | Case No. 3:07CV-698-H |
| ) | |
| NATIONAL BOARD OF ) | Chief Judge John G. Heyburn, II |
| MEDICAL EXAMINERS ) | |
|         Defendant ) | |

**DEFENDANT'S RESPONSE TO
"JENKINS' BRIEF ON THE ADA"**

Comes the Defendant, National Board of Medical Examiners ("NBME"), by and through counsel, and for its Response to Jenkins' Brief on the ADA hereby states as follows:

The party moving for a preliminary injunction "must convince the court that there is a reasonable probability of eventual success on the merits." *American Book Company v. Blount*, 295 F.Supp. 1189, 1191 (E.D.Ky. 1969) citing *Crane Co. v. Briggs Mfg. Co.,* 280 F.2d 747, 749 (6th Cir. 1960). Jenkins' Brief asserts that Jenkins is disabled pursuant to the Americans with Disabilities Act (ADA) by misrepresenting many of the cases cited:

• Jenkins cites to *Gonzales v. National Board of Medical Examiners*, 225 F.3d 620 (6th Cir. 2000) and *Baer v. National Board of Medical Examiners,* 392 F. Supp.2d 42, 47 (D. Mass 2005) for the proposition that "a reading impairment such as automaticity, dyslexia, and slow reading rate are impairments that affect the ability to read, learn, and process information – all major life

activities involved in test taking." Jenkins' Brief at para. 2, 12 and 13. Because test taking may involve reading and writing does not make test taking itself a major life activity. The Sixth Circuit in *Gonzales* recognized only that some "courts have included reading and writing as major life activities under the ADA," but did not conclude that such activities are inherent in the task of test-taking. *Id.* at 626. *Baer* held the opposite of Jenkins' assertion - that "the specific task of taking timed tests, however, is not the kind of 'major life activity' protected under the ADA." *Baer*, 392 F.Supp.2d at 47(emphasis added); *see also, Singh v. George Washington University School of Medicine and Health,* 508 F.3d 1097, 1104 (D.C. Cir. 1007) (Holding that "test-taking itself is not a major life activity" in accordance with the standards expressed by the U.S. Supreme Court in *Toyota Motor Manufacturing Kentucky, Inc. v. Williams,* 534 U.S. 184, at 197-198).

• Jenkins relies heavily upon the Second Circuit and district court opinions in *Bartlett v. N.Y. State Bd. Of Law Exam'rs,* 226 F.3d 69, (2nd Cir. 2000); *on remand to* 2001 WL 930792 (S.D.N.Y. 2001). The district court in that case disagreed with the holding of the Sixth Circuit in *Gonzales,* finding that strategies used to improve reading performance are not the type of self-accommodations the Supreme Court had in mind in *Albertsons, Inc., v. Kirkingburg,* 527 U.S. 555 (1999). This holding is contrary to the holding in *Gonzales*, controlling authority here. Jenkins' own expert opined that he had developed the reading and comprehension skills necessary to do mainstream work, permitting Jenkins to perform at an average level or better on all reading decoding tests Jenkins had taken since 1991. Lacy DP, p. 42.

• Jenkins asserts that *Gonzales* and *Love v. Law School Admission Council, Inc., * 513 F.Supp.2d 206 (E.D. Pa. 2007) stand for the proposition that a disparity between an individual's

2

IQ and his performance on psychological tests is a factor in determining the extent of impairment. Jenkins' Brief, para. 19. In fact, the court in *Love* found that such disparity, while possible evidence of a learning impairment, does not establish the existence of a disability under the ADA. *Id.* at 226. A plaintiff must establish that the impairment substantially limits him as compared to the average person in the general population. *Id.* The evidence is unequivocal that Jenkins' reading ability is average, or even above average, as compared to the average person in the population and is therefore not a disability.

- Jenkins asserts that clinical observation is a necessary element of the evaluation process. Jenkins' Brief, para. 19 and 20. This argument has been rejected by the Sixth Circuit in *Gonzales*, wherein the plaintiff attacked NBME's expert, an academic psychologist who had not personally evaluated the plaintiff, as not qualified to diagnose a reading disorder. 225 F.3d at 628. The Sixth Circuit held that NBME's expert was "qualified to analyze Gonzales' test results and express an opinion as to how his reading ability compares with that of the average person." *Id.*

- Jenkins claims that the Sixth Circuit in *Gonzales* did not analyze performance on unaccommodated examinations as part of its analysis. This is simply not true. The Sixth Circuit specifically noted that "we think Gonzales' verbal representation of his impairment is inconsistent with his success on the SAT and MCAT. Both tests are timed and Gonzales took these exams without accommodation." 225 F.3d at 627. Like Gonzales, Jenkins performed at the average to above average level on such exams as the Comprehensive Tests of Basic Skills (CTBS), PSAT and ACT.

- Finally, Jenkins asserts that passing the USMLE affects the major life activity of

3

working.  The Sixth Circuit in *Gonzales* held that the standard under Title 1 of the ADA (which governs employment) was the same as that under Title III (which governs here) - whether compared to most people Gonzales was substantially limited.  225 F.3d at 630.  The Sixth Circuit held:

> The term *substantially limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as *compared to the average person having comparable training, skills, and abilities.* The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.

*Id.* at 630-631(emphasis in original); *see also Toyota Motor Manufacturing Kentucky, Inc. v. Williams,* 534 U.S. 184, 200-201(2002) (The central inquiry to be made is "whether the claimant is unable to perform the variety of tasks central to most people's daily lives, not whether the claimant is unable to perform the tasks associated with her specific job.") "For purposes of the ADA, inability to pursue one career, such as medicine, does not constitute a severe impact on an individual's life."  *McGuinness v. University of New Mexico School of Medicine*, 170 F.3d 974 (10th Cir. 1998) (citations omitted).

### III.   CONCLUSION

For the reasons stated herein as well as fully briefed in Defendant's Hearing Brief in Opposition to Plaintiff's Motion for Preliminary Injunction, Defendant respectfully requests that this Court deny Jenkins' motion.

        Respectfully submitted,

        **STURGILL, TURNER, BARKER**
         **& MOLONEY, PLLC**

        /s/Stephen L. Barker
        Stephen L. Barker, KBA # 03270
        Katherine M. Coleman, KBA # 84089
        333 W. Vine Street, Suite 1400
        Lexington, KY  40507
        Telephone:  (859) 255-8581
        Facsimile:  (859) 231-0851
        sbarker@sturgillturner.com
        kcoleman@sturgillturner.com
        **Attorneys for Defendant**

## CERTIFICATE OF SERVICE

On February 1, 2008, I electronically filed this document through the ECF system, which will send a notice of electronic filing to:

Vincent E. Nowak
venowak@mhba.com

        /s/Stephen L. Barker
        Stephen L. Barker, KBA # 03270
        Attorney for Defendant

g:\wp61\doc\slb\nbme\pleadings\brief in opp to inj\response brief.doc