**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 08-5371

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

FEB 1 1 2009

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| KIRK D. JENKINS, | ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |
| v. | ) ) ) | |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) ) | |
| Defendant-Appellee. | ) ) | |

BEFORE: NORRIS, BATCHELDER, ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Kirk Jenkins is a third-year medical student who seeks additional time on the United States Medical Licensing Examination ("USMLE") as an ADA accommodation for a diagnosed reading disorder. Relying on *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), the district court found that Jenkins did not qualify as disabled under the Americans with Disabilities Act. On September 25, 2008, Congress passed a law repudiating *Toyota*'s strict standard for finding a disability under the ADA and expressing its intent that the ADA be construed in favor of broad coverage, effective January 1, 2009. ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008). Because this suit for injunctive relief was pending on appeal when the amendments became effective, the amendments apply to this case. We therefore remand the case to the district court for further consideration in light of the ADA Amendments Act.

No. 08-5371
*Jenkins v. Nat'l Bd. of Med. Examiners*

## I.

Kirk Jenkins is a third-year medical student at the University of Louisville School of Medicine. Jenkins was diagnosed with a reading disorder at a young age and has received formal and informal accommodations on examinations at each stage of his education. Jenkins sought and received fifty percent additional time on the ACT and MCAT examinations. In preparation for Step 1 of the USMLE, Jenkins submitted a request for accommodation to the National Board of Medical Examiners ("NBME"). NBME denied this request after conducting several levels of review. Jenkins sought an injunction in district court. The District Court for the Western District of Kentucky denied relief. *Jenkins v. Nat'l Bd. of Med. Examiners*, No. 3:07-CV-698-H, 2008 WL 410237 (W.D. Ky. Feb. 12, 2008). Applying the standard set forth in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), the court pressed Jenkins to demonstrate how his reading difficulties limited his ability to perform tasks central to most people's daily lives. *Id.* at *4-8. The court focused on such activities as reading menus and newspapers—all things which Jenkins can do capably, although slowly. *Id.* at *6-7. The court concluded that "[t]here is ample evidence that Jenkins processes written words slowly, and that his condition prevents him from succeeding where success is measured by one's ability to read under time pressure. But Jenkins' inability to identify meaningful tasks central to most people's daily lives that he is precluded from performing due to his condition must be fatal to his claim of disability under the ADA." *Id.* at *7-8 (internal quotation marks omitted).

No. 08-5371
*Jenkins v. Nat'l Bd. of Med. Examiners*

## II.

### A.

Because this case involves prospective relief and was pending when the amendments became effective, the ADA must be applied as amended. The ADA Amendments Act took effect on January 1, 2009. Pub. L. No. 110-325, § 8. Rather than seeking damages for some past act of discrimination by NBME, Jenkins seeks the right to receive an accommodation on a test that will occur in the future, well after this effective date. It is well settled that a court applies "the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 711 (1974); *accord Republic Steel Corp. v. Costle*, 581 F.2d 1228, 1233 (6th Cir. 1978). Because Jenkins seeks prospective relief, no injustice would result from applying the amended law. Nor does the statute direct that the amendments should not apply to a pending case for prospective relief. In a case parallel to this one, the Supreme Court applied the newly-passed Civil Rights Act of 1960 to a voting rights suit for declaratory and injunctive relief, where the district court had dismissed the case under the then-operative Civil Rights Act of 1957. *United States v. Alabama*, 362 U.S. 602, 604 (1960). The Court held that such a case "must be decided on the basis of law now controlling." *Id.* (citations omitted).

Several courts that have addressed the issue of the Act's applicability to pending cases have taken the position that the amendments to the ADA are not applicable where the actions giving rise

No. 08-5371
*Jenkins v. Nat'l Bd. of Med. Examiners*

to the litigation occurred before the effective date of the amendments.[1] *See, e.g., EEOC v. Argo Distribution LLC*, — F.3d —, 2009 WL 95259, at *5 n.8 (5th Cir. Jan. 15, 2009); *Kiesewetter v. Caterpillar, Inc.*, No. 08-2140, 2008 WL 4523595 (7th Cir. Oct. 9, 2008) (not selected for publication). However, those cases rely on reasoning that is not applicable to our situation. Those cases involve suits for damages and rely, either directly or implicitly, on the reasoning set forth in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994). *Landgraf* held that provisions of the Civil Rights Act of 1991, which created a right to compensatory and punitive damages for violations of Title VII, did not apply to cases already pending on appeal when the statute was enacted. *Id.* at 247. However, *Landgraf* does not stand for the principle that new laws should never apply to cases pending on appeal. The *Landgraf* Court noted, "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* at 269-70 (internal citations omitted). The Court's holding in *Landgraf* was based on the fact that "damages are quintessentially backward looking" and, in that case, "would attach an important new legal burden to [past] conduct." *Id.* at 282-83. However, "[w]hen the intervening statute authorizes or affects the propriety of prospective relief, application of the new provision is not retroactive." *Id.* at 273. The *Landgraf* Court cited *Bradley*, noting that the principle directing "a court [to] 'apply the law in effect at the

---

[1] A number of opinions that were issued after the Act's enactment but prior to its effective date noted that the Act did not apply. *See, e.g., Verhoff v. Time Warner Cable, Inc.*, Nos. 07-4265, 07-4348, 2008 WL 4691794, at *2 n.2 (6th Cir. Oct. 24, 2008).

No. 08-5371
*Jenkins v. Nat'l Bd. of Med. Examiners*

time it renders its decision,' even though that law was enacted after the events that gave rise to the suit," was as well-established as the presumption against retroactivity. *Id.* at 273 (citing *Bradley*, 416 U.S. at 711).

The fact that Jenkins has requested attorney's fees does not convert this claim for injunctive relief into a claim for damages. The Supreme Court has observed that attorney's fees determinations are collateral to the main cause of action. *Landgraf*, 511 U.S. at 277. The Court explicitly explained in *Landgraf* that a claim for attorney's fees was not the type of case in which a presumption against retroactivity applies. *Id.* at 277.

**B.**

Because the district court relied on the Supreme Court's now-repudiated decision in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), the district court's legal conclusions require reconsideration. The district court found that the record contained evidence that Jenkins reads written language in a slow and labored fashion when compared to the general public. According to the ADA, an individual is disabled if he has "a physical or mental impairment that *substantially limits* one or more of the major life activities of such individual." 42 U.S.C. § 12102 (2006) (amended 2009) (emphasis supplied). Reading is a major life activity under the existing precedent of this circuit and the amended ADA. *See Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620, 626 (6th Cir. 2000); 42 U.S.C. § 12102(2)(A) (2006) (amended 2009). Jenkins's status under the ADA therefore turns on the definition of "substantial limitation."

*No. 08-5371*
*Jenkins v. Nat'l Bd. of Med. Examiners*

Congress's recent amendments contain operative language governing the definition of "substantial limitation." In the ADA Amendments Act, Congress made clear that it intends for the ADA to give broad protection to persons with disabilities and that the Supreme Court's holding in *Toyota* is at odds with Congress's intent. Congress stated in the findings of the Act that various Supreme Court holdings "have narrowed the broad scope of protection intended to be afforded by the ADA, thus eliminating protection for many individuals whom Congress intended to protect" with the result that "lower courts have incorrectly found in individual cases that people with a range of substantially limiting impairments are not people with disabilities." Pub. L. No. 110-325, § 2(a)(4), (6). Congress stated that one purpose of the Act was:

> to reject the standards enunciated by the Supreme Court in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), that the terms "substantially" and "major" in the definition of disability under the ADA "need to be interpreted strictly to create a demanding standard for qualifying as disabled," and that to be substantially limited in performing a major life activity under the ADA "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives[.]"

Pub. L. No. 110-325, § 2(b)(4). Moreover, Congress amended the portion of the ADA governing construction of the term "disability," such that "[t]he definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act" and "[t]he term 'substantially limits' shall be interpreted consistently with the findings and purposes of the [Act]." 42 U.S.C. § 12102 (4)(A), (B) (2006) (amended 2009). In so stating, Congress overturned the definition of "substantially limits" put forward in *Toyota* and directed the courts to interpret the term in a more inclusive manner.

No. 08-5371
*Jenkins v. Nat'l Bd. of Med. Examiners*

Without the benefit of these amendments, the district court relied on the Supreme Court's analysis in *Toyota*, which was controlling precedent at the time the district rendered its decision. The district court concluded that Jenkins would only qualify for protection under the ADA if his disability "precluded" him from performing reading tasks that were "central to most people's daily lives." *Jenkins*, 2008 WL 410237, at *3. In holding that Jenkins was not substantially limited in his ability to read, the district court relied on the very language from *Toyota* that Congress repudiated in the ADA Amendments Act. *Compare id.* at *4-5, *with* Pub. L. 110-325, § 2(b)(4). The change in the law has therefore undermined the district court's holding, and the resolution of this case will require the district court to make a fresh application of the law to the facts in light of the amendments to the ADA. The fact-bound nature of the question whether Jenkins is disabled under the revised Act counsels a remand without an appellate attempt to give more precise definition in the abstract to the revised Congressional language.

It can be said, though, that the categorical threshold scope of the ADA's coverage has been broadened. This breadth heightens the importance of the district courts' responsibility to fashion appropriate accommodations. If the district court in this case finds that Jenkins is disabled under the more inclusive terms of the amended ADA, the court must still determine specifically what NBME must do to comply with the requirement that a professional licensing board offer its examination "in a place and manner accessible to persons with disabilities." 42 U.S.C. § 12189. This nuanced determination is not governed by previous, voluntarily provided accommodations that Jenkins has

*No. 08-5371*
*Jenkins v. Nat'l Bd. of Med. Examiners*

received, nor necessarily by what accommodations were required under the narrower previous definition of disability.

### III.

Because this case is governed by the amended ADA and because the district court has yet to review the facts of Jenkins's case under that law, we vacate the judgment and remand the case to the district court for further findings in light of the ADA Amendments Act.